RECEIVED

NOV 1 6 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

FERNANDO GUERRA, SR.

VERSUS

ROLLING STONE, LLC, ET AL

CIVIL ACTION NO. 2:16-0803

JUDGE JAMES T. TRIMBLE, JR.

MAG. JUDGE KAY

**■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■**

### MEMORANDUM RULING

Before the court are two motions: (1) "Motion to Dismiss by Rolling Stone, LLC" (R. #4) and (2) "Motion to Dismiss by Josh Eells" (R. #5). In the first motion, defendant, Rolling Stone, LLC seeks to have the instant complaint dismissed because it is prescribed on its face. In the second motion, defendant, Josh Eells, seeks to have the claims asserted against him dismissed because (1) the court lacks personal jurisdiction over him,[1] and (2) for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

### FACTUAL ALLEGATIONS

Plaintiff, Fernando Guerra, makes the following allegations in his complaint: On January 15, 2015, defendant, Rolling Stone, LLC, published Issue No. 1226 which included an article authored by defendant Josh Eells entitled "Cocaine Cops of Hidalgo County." Guerra alleges that the magazine publisher and/or Josh Eells made defamatory and libelous statements which have been seen and read by thousands of persons in Louisiana, in the United States and internationally, particularly Reynosa, Tamaulipas, and Mexico.[2] Plaintiff then alleges that the

---

[1] Pursuant to Fed. R. Civ. P. 12(b)(2).
[2] R. #1, p. 2.

particular Issue was distributed and received in California by a family member who read the article and subsequently notified plaintiff's sister of the libelous and defamatory statement contained in the article.[3] Plaintiff then alleges that the distribution date of the particular magazine has a mailing sticker posted on the front page which appears to be July 16. Attached to the complaint as exhibit "A" is a copy of the front page of Rolling Stone Issue No. 1226, dated January 15, 2015 with what appears to be a mailing label with the following pertinent information:

```
#3433 0633 220#RS    4MD  CA99  L  JUL16[4]
DIANA MONTENEGRO                  0004
                                  #33664
5659 HALBRENT  AVE APT 3     P00021
VAN NUYS    CA        91411-3206
```

Plaintiff alleges that the article written by defendant, Eells, was libelous and defamatory because it contained the following untrue and unsubstantiated statements about plaintiff and his son's involvement:

> Guerra and his son Fernando Jr. ran a trucking company that was contracted to move loads originating from the Gulf Cartel. Mexican smugglers would get the drugs across the river, and the Guerras would drive them north from there.[5]

---

[3] R. #1, p. 3.

[4] The court makes no finding as to the relevance and/or meaning of the "JUL16" date, even though defendants assert that the affidavit of Elyse Kossin declares that said date on the mailing label signifies the date that the recipient's subscription expires. (Kossin Aff., ¶ ¶ 7-12 not attached or filed into the record.)

[5] Plaintiff's exhibit B attached to Complaint, R. #1-1,

2

Plaintiff asserts that he was not affiliated or associated with the Gulf Cartel and his trucking company, Astro Transport LLC, was never used or hired to transport narcotics or drugs of any type that came from the Gulf Cartel and smuggled across the river by Mexican smugglers.[6]

*Prescription*

Defendants, Rolling Stone and Josh Eells maintain that plaintiff's claims in this lawsuit are prescribed. Defamation claims are subject to a one-year prescriptive period under Louisiana Civil Code article 3492 which commences to run from the day injury or damage is sustained.[7] Plaintiff does not challenge the prescriptive period. When the face of the petition reveals that a "plaintiff's claims are prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed."[8]

Defendants assert that the article was published in January 2015 and plaintiff filed his complaint on June 8, 2016 more than one year from the date the article was published; defendants argue that the relevant date is publication of the article which contained the alleged untrue statements, not the date plaintiff's relative allegedly received the article, or the date plaintiff received the article.[9]

In Martens v. Davis,[10] the plaintiff argued that his defamation claim was not prescribed or time-barred because the cause of action did not arise until plaintiff became aware of its existence

---

[6] Complaint, R. #1, ¶ 15.
[7] Clark v. Wilcox, 928 So.2d 104, 112 (La.App. 1st Cir. 2005), writ denied, 929 So.2d 1252 (La. 2006).
[8] Hogg v. Chevron USA, Inc., 45 So.3d 991, 998 (La. 2010).
[9] Citing Williams v. Nexstar Broadcasting, Inc., 96 So.3d 1195, 1201 (La.App. 5th Cir. 2012); Martens v. Thomas, 1999 WL 319211 at *1 (E.D. La. 5/19/99)(where book was published in 1996 and defamation action was filed in 1998, claim was prescribed on its face).
[10] 1998 WL 240411 (E.D. La.  May 12, 1998).

relying on the discovery rule of *contra non valentem agere nulla currit praescriptio. Contra non valentem* is an "exceptional remedy recognized by Louisiana jurisprudence which is in direct contradiction to the articles in the Civil Code and therefore should be strictly construed."[11] Defamation claims made in connection with mass media publications are usually deemed to accrue upon the date of the first general distribution of the allegedly defamatory material to the public.[12]

Plaintiff appears to contend that because he was imprisoned, the court should toll the prescriptive period until his sister informed him of the article.  Plaintiff cites no cases to support his position, nor is this court aware of any. A plaintiff "will be deemed to know that which he could have learned from reasonable diligence."  Furthermore, the principle of contra non valentem does not suspend the running of prescription if the plaintiff's ignorance is attributable to his own willfulness or neglect.[13]

Plaintiff has not met his burden of proving that the doctrine of non-contra valentem should be applied to interrupt or suspend the running of prescription. Therefore, pursuant to Louisiana Civil Code article 3492's prescription of one year, plaintiff's claims for defamation are prescribed.

---

[11] LaPlaque Corp. v. Chevron, 638 So.2d 354, 356 (La.App. 4 Cir. 1994)(citing Corsey v. State Department of Corrections, 375 So.2d 1319 (La.1979); see Harsh v. Calogero, 615 So.2d 420 (La.App. 4 Cir. 1993)).
[12] Morrisey v. William Morrow & Co., 739 F.2d 962, 967-68 (4th Cir. 1984); Sorcic v. International Ass. for Financial Planning, 814 F.Supp. 27, 28 (S.D. Tex. 1992).
[13] Corsey, 375 So.2d 1319, 1322 (La. 1979).

*Lack of personal jurisdiction and/or improper service as to Josh Eells*

Defendant, Eells, maintains that this court lacks personal jurisdiction and therefore he must be dismissed.  Eells also maintains that the claims against him must be dismissed because plaintiff has failed to effect service on him pursuant to Federal Rule of Civil Procedure 4(e).

The plaintiff has the burden of proof on a motion to dismiss for lack of personal jurisdiction.[14] To exercise personal jurisdiction over a nonresident defendant, "(1) the nonresident must be amenable to service of process under the forum state's long-arm statute (an issue that is governed by the law of the forum state); and (2) if the state jurisdictional test is met, the assertion of jurisdiction over the nonresident must be consistent with the Fourteenth Amendment due process clause."[15] Under the Louisiana long-arm statute, a Louisiana court "may exercise personal jurisdiction over a nonresident on any basis consistent with the Constitution of this state and of the Constitution of the United States. "[16]

The exercise of personal jurisdiction is consistent with due process only if the nonresident defendant has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[17] The requirement that a defendant have "minimum contacts" with the forum state "protects the defendant against the burdens of litigating in a distant or inconvenient forum."[18]

---

[14] Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982); BMW Med. Inc. v. XON Holdings, LLC, 2016 WL 1268305, *2 (W.D. La. 3/30/16).
[15] Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).
[16] La. R.S. 13:3201(B).
[17] Helicopteros Nacionales de Columbia v. Hall, 466 U.S. 408, 414 (1984).
[18] World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

5

"The 'minimum contacts' aspect of the analysis can be established through contacts that give rise to 'specific' personal jurisdiction or those that give rise to 'general' personal jurisdiction."[19]

"Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contact with the forum state are unrelated to the cause of action but are 'continuous and systematic.'"[20]

To exercise general personal jurisdiction, there must be continuous operations within a state that are "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely from those activities."[21]  Eells maintains that he has not engaged in "substantial, systematic and continuous" contacts in Louisiana that would allow this court to exercise general jurisdiction over him.  Plaintiff has not disputed defendant's assertion.  Considering the lack of contacts with the forum state, we cannot exercise general personal jurisdiction over Eells.

Mr. Eells maintains that this court cannot exercise specific personal jurisdiction over him because his conduct and/or connection with the forum state are such that he would not reasonably anticipate being hauled into court.[22] Specific jurisdiction for a suit alleging defamation exists for "an author or publisher who 'aims' a story at the state knowing that the 'effects' of the

---

[19] Mink v. AAAA Development LLC, 190 F.3d 333, 336 (5th Cir. 1999).
[20] Id., citing Helicopteros.
[21] International Shoe Co. v. State of Washington, 326 U.S. 310, 318 (1945).
[22] Burger King Corp. v. Rudzdewicz, 471 U.S. 462, 474 (1985).

6

story will be felt there."[23] "[T]o exercise specific jurisdiction in a libel action, the 'aim' of the plaintiff under the Calder test must be demonstrated by showing that (1) the subject matter of and (2) the sources relied upon for the article were in the forum state."[24]

Eells points out that there are no allegations that the published article is aimed at Louisiana, nor is there any allegation that the subject matter of the article or the sources relied upon for the article were in Louisiana. Eells notes that plaintiff is fortuitously residing in Louisiana based on his assignment by the Federal Bureau of Prisons. Accordingly, we find that there are insufficient contacts with the state of Louisiana to establish specific jurisdiction.

Next, Eells maintains that service of process has not been properly effected. Federal Rule of Civil Procedure 4(e) provides as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > **(1)** following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > **(2)** doing any of the following:

---

[23] Fielding v Hubert Burda Media, Inc., Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 425 (5th Cir. 2005), citing Calder v. Jones, 465 U.S. 783, 789-90 (1984).
[24] Fielding, 415 F.3d at 425-26, citing Revell v. Lidov, 317 F.3d 467, 474 (5th Cir. 2002).

(A) delivering a copy of the summons and of the complaint to the individual personally:

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Eells maintains that mailing the summons and complaint to Rolling Stone's office does not comply with the mandates of Rule (e)(2).

Under Louisiana law, service on an individual such as Mr. Eells "may be either personal or domiciliary."[25] "Personal service is made when a proper officer tenders the citation or other process to the person to be served."[26] Domiciliary service is made "when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment."[27] Thus, Eells maintains that under Louisiana law, he has not been properly served. Plaintiff insists that mailing the summons and complaint to Rolling Stone LLC was sufficient and proper. We disagree. Both the Federal and state statutes mandate the proper procedure to effect service upon a defendant. The complaint was not properly served on Eells.

## CONCLUSION

For the reasons set forth above, the motion to dismiss because the complaint is prescribed on its face will be granted, dismissing with prejudice the instant lawsuit. The motion

---

[25] La. Code Civ. P. art. 1231.
[26] La. Code Civ. P. art. 1232.
[27] La. Code Civ. P. art 1234.

to dismiss Eells will be granted because this court has no person jurisdiction over him and because he has not been properly served.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this ___16th___ day of November, 2016.

                                              _____

                                            **JAMES T. TRIMBLE, JR.**
                                **UNITED STATES DISTRICT JUDGE**